UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLARA SIKORSKI, | |
| *Plaintiff*, | |
| *v.* | Civil No. 3:22cv205 (JBA) |
| WAL-MART REAL ESTATE BUSINESS TRUST, ET AL., | |
| *Defendants.* | July 5, 2023 |

**ORDER DENYING MOTION TO REMAND**

Plaintiff Clara Sikorski moves [Doc. # 1] to remand this case to the Superior Court of the State of Connecticut pursuant to 28 U.S.C. § 1447 for lack of subject matter jurisdiction, arguing that this case involves an amount in controversy not exceeding $75,000. The case asserts her state law negligence claims in connection with a trip and fall that occurred at the Stratford, Connecticut Wal-Mart store. Plaintiff alleges that she suffered numerous injuries as a result of Wal-Mart's alleged negligence, but now submits a stipulation in which she states that the amount in controversy as a result of her injuries does not meet the $75,000 threshold to establish diversity jurisdiction. Defendants object [Doc. # 17] and argue that Plaintiff has failed to show that the amount in controversy is actually limited to $75,000, in light of the open-ended nature of the damages at issue.

I.    **Background**

Plaintiff brings suit against Defendants alleging their negligence caused her to trip and fall, and has pled various injuries related to that incident, including:

- a triquetral fracture of the right wrist,

- sprains, strains and contusion to the right upper extremity, including contusions and sprains of the shoulder, elbow and hand,

1

- a head injury including contusion and hematoma, and

- a left knee injury.

(Complaint [Doc. # 1-1], Ex. A to Defs.' Petition for Removal at 5).

Plaintiff alleges that "as a further result of this incident, the plaintiff has been forced to incur financial obligations for medical care and treatment and diagnostic studies, and will likely be obligated for further such sums in the future, all to [her] further loss and detriment." (*Id.* at 6.) She further alleges that she "endured physical and mental pain and suffering, an inability to engage in her usual activities and a loss of enjoyment of life's activities." (*Id.*) Plaintiff is seeking money damages, interest and costs and such other relief as the Court may deem fair and equitable. (*Id.*) Plaintiff does not identify a specific amount of damages she is seeking in the Complaint.

On February 4, 2022, Defendants filed a Petition for Removal on the basis of diversity jurisdiction. (Defs.' Pet. for Removal [Doc. # 1].) Plaintiff does not dispute that there is diversity of citizenship between Plaintiff and Defendants, but argues remand is required because the amount in controversy does not exceed $75,000. (Pl.'s Mot. at 1.) Plaintiff attaches to her motion a stipulation that "the full value of the matter and, 'the case and controversy' of the above captioned case does not exceed $75,000 and that her claimed damages are $75,000 or less. However, should the plaintiff receive additional treatment, including but not limited to surgery and other like treatment, that increases the value of the plaintiff's case in excess of $75,000, the plaintiff agrees that the matter should be returned to Federal Court for all purposes . . . ." (*Id.* at 4.)

Defendants argue that the Plaintiff's stipulation is insufficient to justify remand, as the stipulation expressly leaves open the possibility that Plaintiff's damages may exceed $75,000. (Defs.' Obj. to Mot. to Remand [Doc. # 17].)

## II.     Legal Standard

When a case is originally brought in state court, a party may remove "any civil action . . . of which the district courts of the United States have original jurisdiction" except "as otherwise expressly provided by Act of Congress." 28 U.S.C. § 1441. The diversity statute confers federal court jurisdiction "where the matter in controversy exceeds the sum or value of $ 75,000." 28 U.S.C. § 1332(a). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," but "when plaintiff contests, or the court questions, the defendant's allegation," then the defendant must submit "[e]vidence establishing" the amount in controversy "by a preponderance of the evidence." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).[1] *Dart* thus confirms that when a motion to remand is brought, "[t]he party opposing a motion to remand bears the burden of showing that the requirements for removal are satisfied." *D.B. Structured Prod., Inc. v. Savvidis*, No. 3:21-CV-388 (VAB), 2022 WL 73486, at *1 (D. Conn. Jan. 7, 2022). "The Second Circuit has characterized this burden as 'hardly onerous' because it recognizes a 'rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy.' To overcome that presumption, the party opposing jurisdiction . . . must show 'to a legal certainty' that the amount recoverable does not meet the jurisdictional threshold*." Howard v. Anthem, Inc.*, No. 3:22-CV-476 (SVN), 2022 WL 15261908, at *2 (D. Conn. Oct. 26, 2022) (quoting *Scherer v. Equitable Life Assur. Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003). Such a showing can be made with a stipulation when "first, the amount of damages is unclear from the face of the complaint, and, second, both the plaintiff and her counsel stipulate that they will not seek more than $75,000 in damages." *Id*. at *3.

---

[1] Unless otherwise indicated, internal citations, quotation marks, and other alterations are omitted throughout in text quoted from court decisions.

### III.     Discussion

Given the significant injuries alleged by Plaintiff, and Plaintiff's own concession that damages may at some point exceed $75,000 (Pl.'s Mot. at 4), the Court finds that "Defendant has met its burden of establishing a reasonable probability that the amount in controversy exceeds $75,000." *Howard*, 2022 WL 15261908, at *4. "The burden therefore shifts to Plaintiff, as the party opposing federal jurisdiction, to establish to a 'legal certainty' that her damages would not exceed $75,000." *Id.* Plaintiff's stipulation is insufficient to demonstrate such "legal certainty." Plaintiff claims significant injuries, including head injuries. The stipulation fails to commit Plaintiff to recovering no more than $75,000 in damages—to the contrary, it expressly contemplates that Plaintiff's injuries and treatment may end up supporting a damage award in excess of that amount.

In *Howard*, the plaintiff initially sought remand by filing a stipulation that merely stated the plaintiff "will not seek more than $75,000 damages in this matter." *Id.* at *4. After defendants argued that stipulation was insufficient, the plaintiff submitted a revised stipulation with more robust language, providing in relevant part that:

> that the plaintiff would not seek a judgment in excess of $75,000; that no judgment would enter against the defendant for an amount greater than $75,000; that the plaintiff agreed any verdict greater than $75,000 awarded by a fact finder would be reduced to $75,000; and that if the plaintiff joined additional defendants who were agents, employees, or servants of the defendant, the total judgment against all such defendants would not exceed $75,000.

*Id.* The court noted in granting the motion to remand that the revised stipulation "clarifie[d] the otherwise ambiguous amount in controversy from the complaint" and provided, "in no uncertain terms, that [the p]laintiff will be limited to an award of $75,000, exclusive of interest and costs, even if a fact finder were to award her more than that amount." *Id.* at *4-5.

Plaintiff's stipulation does not resemble the final stipulation in *Howard*. Not only does Plaintiff's stipulation fail to state that a verdict in excess of $75,000 would be reduced – it

expressly contemplates that Plaintiff may receive additional treatment increasing the value of Plaintiff's claim. (Pl.'s Mot. at 4.) The fact that Plaintiff stipulates that she would then consent to return the matter to Federal Court is irrelevant to the issue of whether Plaintiff can show "to a legal certainty" now that the amount recoverable does not meet the jurisdictional threshold. Here, Plaintiff's stipulation fails to demonstrate such certainty.

**IV.     Conclusion**

For the foregoing reasons, Plaintiff's Motion to Remand is DENIED.

IT IS SO ORDERED.

_____/s/_____

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 5th day of July, 2023