**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| CLARA SIKORSKI, | ) | |
| *Plaintiff,* | ) | |
| | ) | 3:22-cv-205-OAW |
| v. | ) | |
| | ) | |
| WAL-MART REAL ESTATE | ) | |
| BUSINESS TRUST, ET AL., | ) | |
| *Defendants.* | ) | |
| | ) | |

**RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, ECF NO. 35**

**THIS ACTION** is brought by Plaintiff Clara Sikorski against Defendants Wal-Mart Real Estate Business Trust, Wal-Mart Stores East, Inc., and Wal-Mart, Inc., (collectively, "Wal-Mart"). ECF No. 1-1. She alleges that she tripped, fell, and suffered various injuries at Wal-Mart's location at 150 Barnum Avenue Cut-Off, in Stratford, Connecticut (hereinafter, the "Store"), on account of Wal-Mart's negligence. *Id.*, ¶¶ 5-9.

Following the completion of discovery, *see* ECF No. 32, Wal-Mart filed a Motion for Summary Judgment, *see* ECF No. 35, which Plaintiff opposes, *see* ECF No. 39.

The court carefully has reviewed the parties' memoranda of law and the broader record in this case. *See* ECF Nos. 1-1, 12, 14, 15, 18, 35, 35-1, 35-2, 35-3, 35-4, 35-5, 39, 40. For all the following reasons, the Motion is **DENIED.**

### I.    BACKGROUND

Plaintiff tripped, fell, and suffered various injuries while attempting to enter the Store on April 1, 2021. ECF No. 1-1, ¶¶ 5-11. Because of the coronavirus pandemic, Plaintiff was wearing a cloth facemask at that time. ECF No. 39, at 4.

1

Plaintiff alleges that her trip-and-fall was caused by "a raised portion of concrete colored similarly to the normal walking surface . . . around the base of a structural pillar" (hereinafter, the "Pillar") near the Store's entrance. ECF No. 1-1, ¶ 6. She further alleges that Wal-Mart "exacerbated" this "tripping hazard" by "creating a temporary walking lane using blue tape and makeshift bollards" to guide Plaintiff towards the Pillar, *see id*., and by "provid[ing] inadequate lighting," such that the "height difference" between its base and the ground "was difficult . . . to observe," *see id*., ¶ 9.

Based on these allegations, Plaintiff asserts a claim of negligence against Wal-Mart. *Id*. Wal-Mart denies these allegations and argues that Plaintiff's trip-and-fall was "due to [her] own negligence." ECF No. 12, at 5.

Following the completion of discovery, *see* ECF No. 32, Wal-Mart moved for summary judgment on the grounds that "there is no genuine dispute as to a material fact," *see* ECF Nos. 35, at 1; 35-1, at 3-7. Wal-Mart argues that the available evidence "clearly" demonstrates that Plaintiff "was caused to trip and fall" because "she was not paying attention to where she was walking as she was adjusting her mask." ECF No. 35-1, at 6. Alternatively, Wal-Mart argues that Plaintiff "cannot prove that [her] fall was due to a dangerous or defective condition" of which Wal-Mart had notice. ECF No. 40, at 1, 3-4.

In support of its Motion for Summary Judgment, Wal-Mart points the court to **(i)** a one-page incident report from April 1, 2021, *see* ECF No. 35-3, wherein Plaintiff, in her "own words," states that she "was adjusting her mask as she was walking and . . . tripped," *see* ECF No. 35-1, at 2-3; **(ii)** a two-page deposition transcript, wherein Plaintiff states that she "put [her] mask on . . . before [she] went in," *see* ECF No. 35-5, at 3; and **(iii)** surveillance video of the Store, *see* ECF No. 35-4, which, Wal-Mart argues, depicts

Plaintiff "adjusting the cloth mask on her face" as she "turns . . to walk around the [Pillar] in the front of the [S]tore" and then "while still adjusting her mask . . . tripping," *see* ECF No. 35-1, at 3.[1]

Plaintiff argues that Wal-Mart is "not entitled" to summary judgment "[d]ue to the existence of issues of material fact," specifically regarding the surveillance video.  ECF No. 39, at 1.  She points out that she "goes out of view" in the "grainy and blurry" video just as she trips, and that "it appears that" she "turned . . . to walk around" the Pillar *after* "adjusting the cloth mask on her face."  *Id*. at 4, 6 (emphasis omitted).

## II.      **LEGAL STANDARD**

Under Rule 56(a) of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "A genuine issue of material fact is one that 'might affect the outcome of the suit under the governing law' and as to which 'a reasonable jury could return a verdict for the nonmoving party.'"  *Noll v. Int'l Bus. Machines Corp*., 787 F.3d 89, 94 (2d Cir. 2015) (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986)).  Summary judgment must not be granted if "there is any [evidence] upon which a jury could properly proceed to find a verdict for the [non-moving] party."  *Anderson*, 477 U.S. at 251.

When "'assessing the record to determine whether there is a genuine issue as to any material fact, the court is required to resolve all ambiguities and draw all factual inferences in favor of the party against whom summary judgment is sought."  *Id*. (quoting

---

[1] Wal-Mart's Statement of Material Facts is a list of these three Exhibits.  ECF No. 35-2.

*Chambers v. TRM Copy Centers Corp.*, 43 F.3d 29, 36 (2d Cir.1994).  Notwithstanding, "a party who opposes summary judgment 'cannot defeat the motion by relying on the allegations in [her] pleading, or on conclusory statements, or on mere assertions that affidavits supporting the motion are not credible.'"  *Vallas v. Walmart, Inc.*, No. 3:22-CV-937 (OAW), 2025 WL 2719400, at *1 (D. Conn. Sept. 24, 2025) (quoting *Gottlieb v. Cnty of Orange*, 84 F.3d 511, 518 (2d Cir. 1996)).

## III.    DISCUSSION

"Under Connecticut law, a business owner owes its invitees a duty to keep its premises in a reasonably safe condition." *Id*. (quoting *Baptiste v. Better Val–U Supermarket, Inc.*, 262 Conn. 135, 140 (2002)).  "To carry a claim that a business owner has breached that duty, a plaintiff must show" **(i)** "'the existence of a defect,'" **(ii)** "'that the defendant knew or in the exercise of reasonable care should have known about the defect,'" and **(iii)** "'that such defect had existed for such a length of time that the [defendant] should, in the exercise of reasonable care, have discovered it in time to remedy it.'" *Id*. (quoting *Bisson v. Wal-Mart Stores, Inc.*, 184 Conn. App. 619, 628 (2018)).

Wal-Mart argues that the surveillance video "clearly shows" that Plaintiff "was caused to trip and fall . . . due to her own negligence."  ECF No. 35-1, at 6.  The court disagrees.  The video does depict Plaintiff wearing a mask, *see* ECF No. 35-4, at 1:01:10-1:02:37, but it does not "clearly show[]" her "adjusting her mask" as she enters the Store, *see* ECF No. 35-1, at 6.  The video does depict Plaintiff falling, *see* ECF No. 35-4, at 1:00:07-1:00:10, but it does not "clearly show[]" her "not paying attention to where she was walking" when she tripped, *see* ECF No. 35-1, at 6.  It does not show Plaintiff tripping

at all, actually, due to a pillar (which does not appear to be the Pillar at issue) obstructing the surveillance camera's view.  ECF No. 1-1, ¶ 6.  Accordingly, the court cannot decide the cause of Plaintiff's trip-and-fall as a matter of law, based on the video.[2]

Wal-Mart also argues that Plaintiff has not produced any evidence of "a specific defect" at the Store and, alternatively, that Plaintiff "cannot prove Wal-Mart had any notice" of a specific defect.  ECF No. 40, at 3-4.  Again, the court disagrees.  Plaintiff alleges that the base of the Pillar was dangerous and defective because **(i)** it was the same color as the "normal walking surface" surrounding it, **(ii)** "blue tape and makeshift bollards" guided her towards it, and **(iii)** "inadequate lighting" made the "height difference" between it and the ground "difficult" to observe.  ECF No. 1-1, ¶¶ 6-9.  The blue tape, bollards, and lighting conditions at the time of Plaintiff's trip-and-fall are all visible in the surveillance video.  ECF No. 35-4.  Accordingly, it would be neither impossible nor unreasonable for a jury to find that the Pillar was a defect—at least in combination with the alleged temporary walking path and lighting conditions[3] at the time of Plaintiff's fall—about which "Wal-Mart should have known."  ECF No. 39, at 8.

### IV.   CONCLUSION

For all the foregoing reasons, it hereby is **ORDERED AND ADJUDGED** as follows:

1.  The Motion for Summary Judgment is **DENIED;**

---

[2] Nor can the court decide the cause of Plaintiff's trip-and-fall as a matter of law based on the incident report and Plaintiff's deposition testimony, as they offer arguably-contradictory statements.  *See* ECF No. 35-3, at 2 (noting that Plaintiff "was adjusting[her]mask and as I was walking I trip[ped]"); 35-5, at 3 (noting that Plaintiff "put [her] mask on . . . before [she] went in.  When [she] saw her [daughter] coming [she] put [her] mask on and started walking and then went in").
[3] However, the court notes that the incident allegedly took place around high noon.  ECF No. 35-3, at 2.

2.  The parties are **ORDERED** to file a Joint Trial Memorandum on or before **Friday, April 17, 2026,** consistent with the undersigned's Joint Trial Memorandum Instructions,[4] after which the court will schedule a final pre-trial conference;

3.  Given the age of this case and the nature of Plaintiff's claim, the parties are **REFERRED** to a United States Magistrate Judge for a settlement conference, and the Clerk of Court respectfully is directed to please assign a Magistrate Judge for this purpose; **AND**

4.  The parties are **ADVISED** that (absent resolution of this case during a settlement conference) they should be prepared to proceed to trial on or before **May 18, 2026.**

**IT IS SO ORDERED** at Hartford, Connecticut, on this 31st day of March, 2026.

_____/s/_____
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

[4] Such instructions are available online, at https://www.ctd.uscourts.gov/sites/default/files/FINAL-JTM-Instructions-_02.16.2023-edits.pdf.